UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-302(2) (ADM/ECW)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELISSA HALLICH,

    Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and the defendant, Melissa Hallich, hereby agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It is not binding upon any other United States Attorney's Office or any other federal or state agency.

## FACTUAL BASIS

1.  <u>Count 1 (Firearms Conspiracy)</u>. The government and the defendant stipulate and agree that, during the time period June 15, 2020, through on or about at least October 28, 2020, in the State and District of Minnesota and elsewhere, the defendant knowingly and intentionally conspired with co-defendant Damien Lashaun Nelson to violate Title 18, United States Code, Section 922(g)(1), which makes it a federal crime to be a felon in possession of a firearm, and Title 18, United States Code, Section 922(a)(6), which makes it a federal crime to make a false statement during the purchase of a firearm, all in violation of Title 18, United States Code, Section 371. Specifically, on July 29, 2020, pursuant to

an agreement with co-defendant Damien Nelson, the defendant purchased four separate firearms at Bill's Gun Shop in Robbinsdale, Minnesota as follows:

| Date | Description | Serial Number |
|---|---|---|
| 7/29/2020 | Taurus, PT 140 Millennium, .40 caliber semi-automatic pistol | SSL 5204 |
| 7/29/2020 | Smith & Wesson, 442-1, .38 caliber revolver | DMW5433 |
| 7/29/2020 | Sccy, CPX-1, 9mm semi-automatic pistol | 935861 |
| 7/29/2020 | Sccy, CPX-1, 9mm semi-automatic pistol | 9314080 |

When she purchased the firearms, the defendant falsely attested on the required ATF Form 4473 that she was the actual purchaser of the firearms, when in fact she was not. She purchased the firearms at the direction of, and with money provided by, co-defendant Damien Nelson, who, as the defendant well knew, was a convicted felon who is prohibited from possessing firearms. In furtherance of the conspiracy, when questioned by ATF agents in late October 2020, the defendant provided false information about the disposition and whereabouts of the guns she had purchased in July. The defendant admits that she knowingly and voluntarily conspired with Nelson to violate the federal firearms laws and knew her actions violated the law.

    2.    <u>Penalties</u>. The statutory penalties for Count 1 are as follows:

        A.    a maximum of 5 years imprisonment

        B.    fine of up to $250,000;

        C.    a supervised release term of up to 3 years;

      D.    a mandatory special assessment of $100; and

      E.    the assessment to the defendant of certain costs of prosecution, imprisonment, and supervision.

3.    <u>Revocation of Supervised Release</u>. The defendant understands that, if she were to violate any condition of supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. ' 3583.

4.    <u>Acceptance of Responsibility</u>. The government agrees to recommend a two-level reduction for acceptance of responsibility provided that the defendant (1) testifies truthfully during the change of plea hearing, (2) participates truthfully with the Probation Office in the presentence investigation, (3) does not violate any conditions of pretrial release, and (4) continues to exhibit conduct consistent with acceptance of responsibility. The defendant is not eligible for a three-level reduction because her total offense level is less than 16. U.S.S.G. § 3E1.1(b).

GUIDELINE FACTORS

5.    The defendant understands that she will be sentenced with reference to the applicable United States Sentencing Guidelines, which are advisory. The parties have stipulated to the following sentencing factors. The parties' stipulations are binding on them but are not binding upon the Court. If the Court determines the sentencing factors to be different from those set forth below, the defendant shall not be entitled to withdraw from the plea agreement. Notwithstanding the following stipulations, nothing in this plea agreement prevents the government from bringing to the attention of the Court and the

Probation Office all information in its possession regarding the offense and the defendant's background.

6. <u>Base Offense Level</u>. The base offense level is 12. U.S.S.G. § 2K2.1(a)(7).

7. <u>Specific Offense Characteristics</u>. A two-level enhancement applies because the defendant's offense conduct involved 3-7 firearms. U.S.S.G. § 2K2.1(b)(1)(A).

8. <u>Adjustments/Role in the Offense</u>. The parties agree that none of the adjustments set forth in Guideline Sections 3A1.1 through 3C1.4 is applicable in this case. For purposes of this plea agreement, the government agrees not to seek an enhancement for obstruction of justice based on the defendant's false statements to law enforcement. The parties agree the defendant was an average participant in the offense.

9. <u>Acceptance of Responsibility</u>. The government will recommend a 2-level reduction for acceptance of responsibility under the conditions set forth in paragraph 4.

10. <u>Criminal History Category</u>. The parties believe the defendant's criminal history category is I. If the defendant's criminal history category as finally computed is different than category I, neither party may seek to withdraw from this plea agreement based upon that ground.

11. <u>Guideline Range</u>. Assuming an offense level of 12 (base 12 +2 number of firearms -2 acceptance of responsibility) and a criminal history category of I, the resulting guideline range is 10-16 months imprisonment.

12. <u>Departures/Variances</u>. Both parties reserve their respective rights to seek a departure or variance from the otherwise applicable guideline range.

13. <u>Fine Range.</u> Assuming an offense level of 12, the fine range is $5,500-$55,000.

14. <u>Supervised Release.</u> The recommended term of supervised release is 1-3 years. U.S.S.G. § 5D1.2(a)(2).

15. <u>Special Assessment.</u> Not later than the day of sentencing, the defendant shall pay to the clerk of the United States District Court $100.00 as payment of the mandatory special assessment.

16. <u>Forfeitures</u>. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all of her right title and interest in the following firearms and associated accessories and ammunition:

- A Taurus, PT 140 Millennium, .40 caliber semi-automatic pistol, serial number SSL 5204;
- A Smith & Wesson, 442-1, .38 caliber revolver, serial number DMW5433;
- A Sccy, CPX-1, 9mm semi-automatic pistol, serial number 935861;
- A Sccy, CPX-1, 9mm semi-automatic pistol, serial number 9314080; and

The defendant agrees that the United States may, at its option, forfeit the foregoing property through civil, criminal or administrative proceedings. The defendant waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest she may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition. The United States reserves its right to proceed against any of the defendant's other assets if said assets represent real or personal property involved in violations of United States

law, or are proceeds traceable to such property. The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit additional directly forfeitable property.

17. <u>Entire Agreement</u>. This is the entire agreement and understanding between the United States and the defendant.

Date: 6/15/21

Respectfully submitted,

W. ANDERS FOLK
Acting United States Attorney

BY: JEFFREY S. PAULSEN,
Assistant U.S. Attorney

Date: 6/4/2021

Melissa Hallich
Defendant

Date: 06/14/21

Shannon Elkins
Counsel for Defendant