UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-302(2) (ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S SENTENCING |
| v. ) | MEMORANDUM |
| ) | |
| MELISSA HALLICH, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by and through its undersigned attorneys, hereby respectfully submits its position and memorandum on sentencing. For the reasons that follow, the United States recommends a downward variance from the advisory Guidelines range for a sentence of three years' probation, including 6 months of house arrest, and a fine, as a sentence that is sufficient but not greater than necessary to comport with the § 3553(a)(2) sentencing factors.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

The United States agrees with and incorporates by reference the facts from the "Offense Conduct" section of the presentence report ("PSR"), ¶¶ 7-22, as well as the factual basis from the Plea Agreement (ECF 66, ¶ 1). In summary, the defendant conspired with her co-defendant, Damien Lashaun Nelson, to violate 18 U.S.C. § 922(g)(1), by straw-purchasing four firearms from a federally licensed gun dealer at her co-defendant's behest, and then twice lied to federal agents about the disposition and whereabouts of those four firearms, which she provided to her co-defendant, knowing that he was a felon and therefore prohibited from purchasing the firearms himself.

On December 29, 2020, a grand jury returned a three-count Indictment charging the defendant with one count of conspiracy—felon-in-possession, in violation of 18 U.S.C. §§ 371 and 922(g)(1), which carries a statutory maximum of five years' imprisonment (Count 1). (PSR ¶¶ 1, 71; ECF 1)

On June 21, 2021, the defendant appeared with her counsel and pleaded guilty to the conspiracy charge (Count 1) of the Indictment pursuant to a written plea agreement filed with the Court. (PSR ¶¶ 2, 3; ECF 65, 66)

On September 17, 2021, the United States Probation Office issued its final PSR, finding the defendant's total offense level to be 12 and her criminal history category to be I, resulting in an advisory Guidelines range of 10 to 16 months' imprisonment. (PSR ¶¶ 37, 45, 72) The PSR's Guidelines calculations did not differ from those contemplated by the plea agreement. (PSR ¶¶ 3, 74; ECF 66, ¶ 11)

## ARGUMENT

In following the sentencing methodology laid out by the Supreme Court, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49-50. Section 3553(a) requires the Court to consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from

2

further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a). But a district court is not required to provide a mechanical recitation of the Section 3553(a) factors and "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017); *United States v. San-Miguel*, 634 F.3d 471, 475-76 (8th Cir. 2011).

A.     **The Guidelines Calculations**

The United States agrees with the calculated total offense level of 12 and criminal history category of I, resulting in an advisory Guidelines range of 10 to 16 months' imprisonment, with a supervised release term of one to three years. As noted by the PSR, in accord with USSG §§ 5C1.1(d)(2) and (e)(3), because the applicable Guidelines range is in Zone C, the imprisonment term may be satisfied by home detention, provided that at least one-half the minimum term is satisfied by such imprisonment alternative. (PSR ¶ 72)

For the reasons stated herein, the United States advocates for a downward variance resulting in a sentence of three years' probation, including 6 months of house arrest at the defendant's residence—with permitted travel outside the residence for only work, necessary medical appointments, religious services, meetings with her probation officer, and other necessary travel as approved in advance by the supervising probation officer, and a fine of $1200, the approximate equivalent of the money spent on the four firearms straw purchased. (PSR ¶ 14) The United States posits that such a sentence, as opposed to a sentence of imprisonment at a BOP facility, is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

## B.     The 3553(a) Factors

A consideration of the 3553(a) factors warrants a sentence of three years' probation with 6 months of house arrest with conditions as set forth above and a fine.

### 1.     Nature and Circumstances of the Offense

The defendant, who has no prior criminal history, knowingly unlawfully straw-purchased four firearms at the behest of her co-defendant, knowing full well that her co-defendant was a felon and lawfully prohibited from possessing any firearms or ammunition.  What's more, the defendant lied on the ATF Form 4473 to purchase the firearms, certifying that she was the actual purchaser of the firearms, when in fact she knew she was straw-purchasing the firearms for a known multi-convicted felon.  (PSR ¶ 22) Even more egregiously, she twice lied to federal agents (a felony in and of itself that might have supported an enhancement for obstruction, *see* ECF 66, ¶ 8) about the disposition and whereabouts of those firearms.  (PSR ¶¶ 16, 17, 22) While there is little doubt that her co-defendant was physically and/or psychologically dominating and manipulative, she nonetheless offered to buy him ammunition on her own volition, (PSR ¶ 13), and the defendant bears responsibility for her choices—not mistakes—made in furthering the conspiracy to which she pleaded guilty.

### 2.     History and Characteristics of the Defendant

The United States submits that the PSR accurately and adequately describes the defendant's criminal history, personal history, and characteristics.  Notably, the defendant has no prior criminal history with the exception of a 2005 misdemeanor DWI, and a 2009 misdemeanor dishonored check.  (PSR ¶¶ 42, 43)  While she was charged with felony

4

financial transaction card fraud in 2008, the state afforded her a diversion program, no plea or conviction was ever entered, and she successfully completed a two-year probationary term, although the term was twice extended. (PSR ¶ 47) The defendant is 48 years old, has been successful on pretrial release since her initial appearance, has been gainfully employed with a full-time job since 2008 at a construction company, (which fortunately will keep her employed even with her pending felony conviction), (PSR ¶ 66), rents a home, and lives with and provides for her two teenage daughters. The defendant reported no family history of substance abuse or criminal history, grew up in a loving home with good family dynamics, and is a high-school graduate.

### 3.     Needs of Sentencing and Other 3553(a) Factors

Given the totality of the circumstances, it does not appear that imposing a prison sentence will advance any of the Section 3553(a) factors in this case. Rather, the imposition of a federal felony conviction will itself help achieve a just result as it will lawfully prohibit the defendant from ever being able to purchase any firearm or ammunition again. A downward variance resulting in a sentence of three years' probation, with 6 months of house arrest, with the conditions set forth above, and a $1200 fine, is a just alternative to imprisonment and is nonetheless warranted by the needs of sentencing and other 3553(a) factors. While the defendant's financial circumstances may make a fine a bit more difficult to pay off, the fine is actually slightly less than the amount she paid for the firearms (PSR ¶ 14) and will also serve to meet the Section 3553(a) factors.

While some mitigating factors exist, given her co-defendant's psychological manipulation, aggravating factors also exist that warrant consideration such as the serious

5

nature of the offense, the detrimental impact on the community and the furtherance of high rates of gun violence by facilitating the possession of multiple firearms by a known multi-convicted felon, and the need for general deterrence of the crime of straw-purchasing, which too often is erroneously considered a victimless crime. *See Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) ("Congress specifically made general deterrence an appropriate consideration . . . and [the Eighth Circuit has] described it as 'one of the key purposes of sentencing.'") (quoting *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006)). On balance, a sentence of three years' probation with 6 months of house arrest (with conditions as set forth above), and a $1200 fine would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among similarly situated defendants.

## CONCLUSION

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of three years' probation, with 6 months of house arrest, including restrictions on travel outside the residence as set forth above, and a $1200 fine.

Respectfully submitted,

Dated: <u>October 28, 2021</u>

W. ANDERS FOLK
Acting United States Attorney

<u>/s/ *Benjamin Bejar*</u>

BY: BENJAMIN BEJAR
Assistant United States Attorney
Attorney ID No. 351131